## LINNABARY v OHIO FUEL GAS CO

Oho Appeals, 2nd Dist, Franklin Co

No 2151.   Decided Feb 1, 1932

R. A. McFayden, Columbus, for plaintiff in error.

Phil Bradford, Columbus, for defendant in error.

HORNBECK, J.

It affirmatively appears that the special exception heretofore set out was tendered after the jury had retired and, because of the chronological order in whch the exceptions sought to be saved and the verdict of the jury appear, it may be assumed that the exceptions were offered before the jury had returned with its verdict.  But the record is silent on an all-important matter, namely, that the exceptions sought to be noted to the charge of the court were brought to the attention of the court at any time.   As we view it this is vital in all instances, but especially in a situation as presented in this record.   We do not say that it is not within the discretion of the trial court to permit general or special exceptions to be noted to a charge after the jury has retired, if the rights of opposing party are observed and protected.   But, obviously, when exceptions are sought to be noted after a jury has retired, if the court has the right to allow them to be made, it is a subject of discretion and it must appear that the court had the opportunity to consider and pass upon and, if necessary, to correct the subject matter, the giving of which is claimed to be error, to which his at-

tention was drawn by the specific exception. The record is silent on these vital questions and we can not assume that to have been done which the record does not disclose. Inasmuch as no exception was noted by counsel for plaintiff in error before the jury retired, the record should affirmatively disclose that the exceptions were made in the presence of or brought to the attention of the trial court, and that he acted either in refusing or permitting the exceptions to be saved.

We, therefore, are unanimously of the opinion that on the record as it comes to us no exception was properly saved to the general charge of the court. Judgment affirmed.

ALLREAD, PJ, and KUNKLE, J, concur.